**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Action No. 12-cr-00242-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**2.    ARNALDO ALVAREZ-GONZALEZ,**

      Defendant.

---

## ORDER ON OUTSTANDING DISCOVERY MOTIONS

---

Defendant Arnold Alvarez-Gonzalez ("Defendant") is charged in this multi-defendant action with: (1) being part of a conspiracy to distribute and possess to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841 & 846; and (2) two counts of knowingly and intentionally using a communication facility in committing a drug offense in violation of 21 U.S.C. § 843(b).  (ECF No. 1.)

Before the Court are the following motions filed by Defendant: (1) Motion for Specific Discovery (ECF No. 406); (2) Request for Notice Pursuant to Fed. R. Crim. P. 12(b)(4)(B) (ECF No. 407); and (3) Motion for Disclosure Pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence (ECF No. 408).  The Government has responded to the Motions.  (ECF Nos. 414, 416 & 418.)  The Court will address each Motion in turn below.

## I. MOTION FOR SPECIFIC DISCOVERY

Defendant asks the Court for an order requiring the Government to "disclose and permit inspection of all books, papers, documents, data, photographs, tangible objects, buildings or places relating to (i) the 2010 traffic stop used to identify the Defendant, and (ii) the 2010 DEA investigation that resulted in a warrant for Defendant's arrest, both of which are referred to in the affidavit for interception on Target Telephone Eight." (ECF No. 406 at 3.)  The Government responds by stating that it does not believe this information falls within the confines of Federal Rule of Criminal Procedure 16(a)(1)(E)(i) (which the Defendant cites in support of his request) because the requested information is not within the Government's possession and control.  (ECF No. 418 at 1.)  However, the Government states that it anticipates using the requested information in its case-in-chief and will, therefore, be attempting to obtain this information.  The Government agrees to disclose any information that it obtains no later than sixty days before trial. (*Id.* at 2.)

The Court has reviewed the rules and cases cited by the parties, and agrees with the Government that, to the extent materials are not in its custody and control, they do not fall within Rule 16(a)(1)(E)(i).  *See United States v. Lujan*, 530 F. Supp. 2d 1224, 1234 (D.N.M. 2008) ("Rule 16(a)(1)(E)(i) only applies where the documents are within the federal government's actual possession, custody, or control.") (citing *United States v. Dominguez-Villa*, 954 F.2d 562, 566 (9th Cir. 1992)).  The Court also agrees that the federal government does not necessarily have custody and control over all documents involved in the state investigation simply because there is some overlap between a federal investigation and a state investigation and prosecution.  *See United States v.*

*Badonie*, 2005 WL 2312482, at *2 (D.N.M. Aug. 29, 2005) (holding that one prosecuting government does not have any obligation to request and obtain documents from another government). Defendant here has not shown that the 2010 investigation was a joint operation between the state and federal authorities and, therefore, has not shown that the disputed documents are in the Government's custody and control.

Accordingly, Defendant's Motion for Specific Discovery is denied to the extent it seeks materials that are not in the Government's custody and control. However, to the extent the Government obtains the requested information, its obligation to disclose such information will be triggered at that time. As such, the Court ORDERS that any requested information obtained by the Government be disclosed to the Defendant no later than sixty days before trial.

## II. REQUEST FOR NOTICE PURSUANT TO FED. R. CRIM. P. 12(b)(4)(B)

Defendant moves for an order requiring the Government to disclose the evidence it intends to use in its case-in-chief that falls within the following categories: (1) evidence seized as a result of a search, whether conducted with or without a search warrant; (2) any oral, written, or recorded statement of the Defendant, whether obtained via wire or electronic or consensual recorded interceptions; (3) any photographs or video footage of the Defendant, including any depicting the Defendant with indicted or unindicted co-conspirators; and (4) any other documents and objects, including books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items. (ECF No. 407.) The Government opposes the Motion. (ECF No. 416.)

In support of this request, Defendant cites Federal Rule of Criminal Procedure 12(b)(4)(B), which provides:

> **(4) Notice of the Government's Intent to Use Evidence.**
>
> . . .
>
> > **(B) At the Defendant's Request.** At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Defendant alleges that notice of the Government's intent to use the requested information is "necessary in order to move to suppress evidence under Rule 12(b)(3) of the Federal Rules of Criminal Procedure." (ECF No. 407 at 2.) Defendant points out that the discovery in this case is voluminous and contends that it is impossible to tell from the discovery and the Indictment which items of evidence the Government will seek to introduce in its case-in-chief. (*Id*.)

The Government responds by stating that it has met its obligations under Rule 16 and has provided the Defendant with "extensive discovery". (ECF No. 416 at 2.) The Government states that it "reserves the right to introduce in its case-in-chief all tangible objects, physical and documentary evidence, and all other evidence provided, made available, or identified in discovery." (*Id*.) The Government contends that, because it has given the Defendant everything in its file, the Defendant has all of the information he needs to make any suppression motion. (*Id*.)

The Court notes that the Motion is, at least arguably, a moot point because the Defendant's deadline for filing suppression motions was June 26, 2013. (ECF No.

379.)  The instant Motion seeking disclosure of information was not filed until that very day and Defendant did not request an extension of time to file suppression motions. (*See* ECF No. 407.)  Thus, were the Court to grant the Motion and order the Government to disclose the evidence it intends to use in its case-in-chief, any motion to suppress such evidence would be untimely.

Moreover, a number of courts have concluded that the government satisfies Rule 12(b)(4)(B) where it provides notice that it intends to offer some or all of the items made available in discovery as evidence in its case-in-chief at trial.  *See, e.g., United States v. Cushmeer*, 2007 WL 1858269, *2 (N.D. Ohio June 26, 2007) (denying request for notice under Rule 12(b)(4)(B) as moot because government complied with its Rule 16 discovery obligations by making all evidence available for review); *United States v. Jordan*, 2007 WL 1849985, *3 (E.D. Tenn. June 25, 2007) (denying defendant's motion to require government to file exhibit list under Rule 12(b)(4)(B) and concluding that Government's representation that any and all physical and documentary evidence had been forwarded to defendant was sufficient notice).

Defendant has cited no authority showing that he is entitled to any disclosure more specific than that already provided by the Government.[1]  The Court can

---

[1]  The Court notes that some courts have held that the government's open file policy is not sufficient to satisfy Rule 12(b)(4).  *See, e.g., United States v. Cheatham*, 500 F. Supp. 2d 528, 534-35 (W.D. Pa. 2007) ("[W]hen the Government has an open file policy with regard to its prosecution, this policy does not comply with Rule 12(b)(4)(B) 'because it does not specify which evidence the government intends to use at trial.'") (quoting *United States v. Cruz-Paulino*, 61 F.3d 986, 993 (1st Cir. 1995)); *United States v. Anderson*, 416 F. Supp. 2d 110, 112 n.1 (D.D.C. 2006) (rejecting government's argument that it satisfied Rule 12(b)(4)(B) by providing open-file discovery and giving notice that it intended to use all of materials provided to defendant pursuant to that policy).  However, Defendant does not cite any of these authorities or argue as to why the Court should follow this line of cases.

appreciate that there may be beneficial reasons to require the Government to more specifically identify the evidence it intends to use earlier in the discovery process. However, the Court has observed that the United States Attorney's office in this District will, not infrequently, respond to a motion to suppress by stating that it does not intend to use the disputed evidence in its case-in-chief. This practice somewhat alleviates the Court's concerns about misuse of counsel's resources, as well as judicial resources. The Court also strongly encourages defense counsel, in all cases, to confer with the Government before beginning work on a suppression motion as the Government may, at that point, reveal that it does not intend to use such evidence. While the Court appreciates the parties' right in criminal cases to withhold much of the specifics as to how they intend to prove their case at trial, the Court encourages counsel to confer with each other, in all cases, and at all stages of a case.

Because Defendant has cited no specific right to disclosure more detailed than that already provided by the Government, Defendant's Request for Notice Pursuant to Fed. R. Crim. P. 12(b)(4)(B) is DENIED.

### III.  MOTION FOR DISCLOSURE PURSUANT TO RULES 404(b) AND 609

Defendant moves for an order requiring the Government to disclose evidence pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence.  (ECF No. 408.) The Government does not oppose the Motion but asks that it be permitted to disclose the requested evidence no later than sixty days before trial.  (ECF No. 414 at 2.)

In response to a similar motion made by a different Defendant in this action, the Court has previously ordered the Government to produce all Rule 404(b) and Rule 609

evidence no later than sixty days before trial. (ECF No. 380 at 7.) Therefore, the only action necessary here is to clarify that its prior Order extends to this Defendant.

Accordingly, Defendant's Motion for Disclosure Pursuant to Rule 404(b) and 609 is GRANTED. The Government shall disclose any such evidence no later than sixty days before any trial of this matter.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion for Specific Discovery (ECF No. 406) is DENIED to the extent it seeks materials outside of the Government's possession, custody, or control. Any documents in the possession, custody, or control of the Government must be disclosed to the Defendant no later than sixty days before trial;

2. Defendant's Request for Notice Pursuant to Fed. R. Crim. P. 12(b)(4)(B) (ECF No. 407) is DENIED; and

3. Defendant's Motion for Disclosure Pursuant to Rules 404(b) and 609 of the Federal Rules of Evidence (ECF No. 408) is GRANTED. The Government shall disclose any Rule 404(b) or 609 evidence to the Defendant no later than sixty days before trial.

Dated this 12th day of September, 2013.

BY THE COURT:

William J. Martinez
United States District Judge